# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-2V
**Filed: May 23, 2016**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
MELODY CLOWSER,

          Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

          Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

    \*
    \*
    \*
    \*
    \*
    \*
    \*
    \*
    \*
    \*
    \*

**PUBLISHED**

Special Master Hamilton-Fieldman

Attorneys' Fees and Costs;
Contested; *McCulloch* Hourly Rates;
Attorney Hours Expended; Expert
Hours Expended.

<u>Danielle Anne Strait</u>, Maglio, Christopher and Toale, PA, for Petitioner.
<u>Darryl Wishard</u>, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

      On January 2, 2013, Melody Clowser ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that an influenza ("flu") vaccine administered on February 4, 2011 caused her to suffer from Guillain-Barré syndrome ("GBS"). On September 19, 2014, the undersigned issued a decision awarding compensation to Petitioner. Judgment entered on the decision on September 26, 2014.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On March 25, 2015, Petitioner filed a timely motion for attorneys' fees and costs ("Motion").[3] Petitioner requested compensation for attorneys' fees in the amount of $34,120.50 and for attorneys' costs in the amount of $11,825.31. Petitioner and her counsel verified that Petitioner had not personally incurred any costs in pursuit of her claim. *See* Pet'r's Ex. 20 (General Order #9 Statement), filed March 25, 2015.

On April 1, 2015, Respondent filed written objections to several of the categories of fees and costs enumerated in Petitioner's motion ("Response"). Specifically, Respondent argued that 1) the $295.00 per hour forum rate sought by Ms. Strait was unreasonable, and that she should instead be compensated at a rate of $200.00 to $220.00 per hour from 2012 to 2015; 2) the local hourly rates charged by the Maglio firm's paralegals – from $95.00 per hour for non-certified paralegals to $135.00 per hour for certified paralegals – was unreasonable, and that they should be compensated at rates of $91.00 per hour for uncertified paralegals and $112.00 per hour for certified paralegals; 3) Petitioner's counsel billed an excessive number of hours to the case, and 4) the $8,075.00 in costs incurred experts retained by counsel for the sole purpose of opining about attorneys' fees and costs was unreasonable and excessive.

On April 13, 2015, Petitioner filed a Reply to Respondent's Response ("Reply"). In her Reply, Petitioner argued that the forum rate charged by counsel was appropriate, that the rates charged by her paralegals and fees expert were appropriate, and that the number of hours expended by counsel was reasonable. Simultaneously, Petitioner filed a supplemental motion for attorneys' fees and costs ("Supplemental Motion") in which she requested compensation for an additional $4,506.00 in fees that incurred by her firm to defend its fees and costs motion. The total amount of fees and costs for which counsel seeks compensation is $50,451.81. Supplemental Motion at 1.

In response to Petitioner's Supplemental Motion, Respondent objected to compensating Petitioner and counsel for the hours spent by the firm to defend its attorneys' fees and costs motions. Sur-Reply Memorandum and Objections to Petitioner's Application for Attorneys' Fees and Costs ("Sur-Reply"), April 16, 2015. Respondent also objected to the bases for the Maglio firm's proposed forum rates. Sur-Reply at 1-3.

This matter is now ripe for a decision.

1. **The hourly rate charged on behalf of Ms. Strait is reasonable**.

For the reasons set forth in *O'Neill v. Sec'y of HHS*, the undersigned awards Ms. Strait her requested hourly rate of $295.00 per hour. *O'Neill*, No. 08-243V, 2015 WL 2399211 at *5-7 (Fed. Cl. Spec. Mstr. April 28, 2015) (the undersigned awarding Ms. Strait an hourly rate of $295.00 for work performed on behalf of the Maglio firm in 2012). *See also McCulloch v. Sec'y of HHS,* No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for reconsid. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21 2015) (approving a range of forum rates for Washington, D.C., within which Ms. Strait's requested rate falls).

---

[3] Pursuant to Vaccine Rule 13(a), any request for attorneys' and costs must be filed no later than 180 days after the entry of judgment.

2. **Ms. Strait's hourly rate for travel is reduced by half**.

For the reasons set forth in *O'Neill v. Sec'y of HHS*, the undersigned will compensate Ms. Strait for her travel time at half her hourly rate. *O'Neill*, No. 08-243V, 2015 WL 2399211 at *7-8 (Fed. Cl. Spec. Mstr. April 28, 2015) (the undersigned awarding the Maglio attorneys "half of their hourly rate for time spent traveling when they did not provide documentation regarding work that was performed during that time").

Accordingly, the 3.5 hours of travel time that has been billed at Ms. Strait's attorney rate, the undersigned will compensate counsel at a rate of $147.50 per hour. *See* Addendum to Supplemental Motion at 11. This results in a reduction of $516.25 from Petitioner's Supplemental Motion.

3. **The hourly rates charged on behalf of the Maglio firm's paralegals are reasonable**.

For the reasons set forth in *O'Neill v. Sec'y of HHS*, the undersigned finds that the hourly rates charged on behalf of the Maglio firm's paralegals are reasonable and will be compensated in full. *O'Neill*, No. 08-243V, 2015 WL 2399211 at *14-15 (Fed. Cl. Spec. Mstr. April 28, 2015) (the undersigned "determin[ing] that the hourly rates charged by the MCT paralegals practicing in the firm's office in Sarasota, Florida are reasonable"). In *O'Neill*, for work performed between 2011 and 2013, the undersigned approved of hourly rates of $105.00 for non-certified paralegals and $135.00 for certified paralegals. *O'Neill* at *14, n. 24.

4. **A majority of the tasks performed by the Maglio firm was reasonable**.

The undersigned has reviewed the hours expended in this case, and agrees with Respondent that there are dozens of entries, most from paralegals, that only bill for one-tenth of an hour, and that this indicates some small task or review of the file. The undersigned does not agree, for the most part, that the billing for these entries is excessive. The undersigned also agrees with Petitioner that the Medicaid portion of the resolution of this case was protracted and accounted for a significant portion of the fees, and that the client's needs for contact in this case were perhaps more intense than usual.

The undersigned hereby reduces counsel's compensable hours by two hours of paralegal time, which the undersigned has determined constituted excessive administrative task billing. This results in a reduction of $270.00 from Petitioner's Supplemental Motion.

5. **The fees and costs incurred by counsel to defend their Motion are partially compensable.**

The undersigned hereby disallows the costs Petitioner's counsel incurred in hiring their expert, William Murphy, on attorneys' fees, and for the fees incurred by Ms. Strait in retaining and working with Mr. Murphy (5.5 hours). A review of the hours billed by Ms. Strait indicates that she did much of the research and writing on the fees issue herself, and that Mr. Murphy has no particular expertise in the Vaccine Program or its filing practices.

For the foregoing reasons and for the reasons set forth in *O'Neill v. Sec'y of HHS*, the undersigned declines to compensate Petitioner's counsel for costs associated with "fees experts." *O'Neill*, No. 08-243V, 2015 WL 2399211 at \*19-20 (Fed. Cl. Spec. Mstr. April 28, 2015) (the undersigned declining to compensate the Maglio firm for expert costs associated with attorneys' fees and costs disputes). This results in a reduction of $1,622.50 in fees (5.5 hours at Ms. Strait's rate of $295.00 per hour) and $8,075.00 in costs associated with Mr. Murphy. *See* Pet'r's Ex. 19 at 66-67. The undersigned finds that the remainder of the fees incurred by the Maglio firm to defend their motions for attorneys' fees and costs was reasonable.

6. **The petition was brought in good faith and supported by a reasonable basis**.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). **Accordingly, the undersigned awards a lump sum of $39,968.06,[4] representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner, Melody Clowser, and Petitioner's counsel, Danielle Strait, of the law firm of Maglio Christopher & Toale, PA.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[4] This figure represents the total attorneys' fees and costs requested ($50,451.81) minus the following amounts: $516.25 (*see* § 2, *supra*), $270.00 (*see* § 4, *supra*), $1,622.50 (*see* § 5, *supra*), and $8,075.00 (*see* § 5, *supra*).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.